949 So.2d 1091 (2007)
D'Arcy L. ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4059.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
*1092 D'Arcy L. Robinson, Lake City, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant D'Arcy Robinson appeals a trial court order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), challenging his habitual violent felony offender sentence in this case. This is at least the fourth time Robinson has raised the same challenge to his sentence, and the fourth time his challenge has been rejected in the trial court and on appeal. The trial court did not err in rejecting this latest challenge as successive and repetitive of the claim earlier rejected several times. We affirm.
This court issued an order to show cause why Robinson should not be prevented from filing successive and identical pro se challenges pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). His response did not provide a legally sufficient basis for entitlement to continue raising the same challenge. All that he argued is that rule 3.800(a) does not bar successive motions. However, that does not mean that the successive motions may be filed on the identical issue previously raised and rejected by the trial court. See Carter v. State, 931 So.2d 1045, 1045 (Fla. 4th DCA 2006) ("Appellant's repeated filing of frivolous appeals is diminishing this court's ability to consider legitimate claims."); Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough.").
Robinson's repetitive filings are an abuse of the legal process and will have an adverse affect on this court's limited resources if allowed to continue. We therefore prohibit him from filing any future pro se pleadings in this court challenging his habitual violent felony offender sentence in case number 95-11287 CF10A. Any further pro se pleadings on this issue in this court will be summarily rejected by the Clerk of this court.
No rehearing will be entertained.
Affirmed.
WARNER, SHAHOOD and GROSS, JJ., concur.